MICHAEL CAMPION *ET AL.*, PLAINTIFFS–APPELLANTS, v.
BRENDAN BYRNE *ET AL.*, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1980—Decided September 25, 1980.

Before Judges ALLCORN, KOLE and PRESSLER.

*Stephen Eisdorfer* argued the cause for appellants (*Stephen Eisdorfer* and *Judith Smith Esmay*, attorneys).

*Mary Ann Burgess*, Deputy Attorney General, argued the cause for respondents (*John J. Degnan*, Attorney General, attorney; *Stephen Skillman*, Assistant Attorney General, of counsel).

PER CURIAM.

*N.J.S.A.* 18A:4–21 provides that the Commissioner of Education shall be appointed by the Governor with the advice and

consent of the Senate. Plaintiffs challenged the validity of this provision, claiming that it violates *N.J.Const.* (1947), Art. V, § IV, par. 4, which they construe as reposing the appointment power exclusively in the State Board of Education. The trial court granted summary judgment dismissing the complaint and we affirm.

The constitutional scheme here in question requires a *pari materia* reading of Art. V, § IV, in its entirety, and particularly paragraphs 2 and 4 thereof. Paragraph 2 provides that

Each principal department shall be under the supervision of the Governor. The head of each principal department shall be a single executive unless otherwise provided by law. Such single executives shall be nominated and appointed by the Governor, with the advice and consent of the Senate, to serve at the pleasure of the Governor during his term of office and until the appointment and qualification of their successors, except as herein otherwise provided with respect to the Secretary of State and the Attorney General.

Paragraph 4 provides that

Whenever a board, commission or other body shall be the head of a principal department, the members thereof shall be nominated and appointed by the Governor with the advice and consent of the Senate, and may be removed in the manner provided by law. Such a board, commission or other body may appoint a principal executive officer when authorized by law, but the appointment shall be subject to the approval of the Governor. Any principal executive officer so appointed shall be removable by the Governor, upon notice and an opportunity to be heard.

It is clear that the Department of Education is a principal department whose head is a board, commission or other body, to wit, the State Board of Education, and that its principal executive officer is the Commissioner of Education. See, *e. g.*, *N.J.S.A.* 18A:4–1, 18A:4–22.

The nub of the plaintiffs' argument is that the phrase "when authorized by law" as used in the second sentence of paragraph 4 was intended to modify only the noun–phrase "principal executive officer" rather than the full predicate of which it is a component, *viz.*, "may appoint a principal executive officer." Thus, plaintiffs' contention is that once the Legislature has created the office of principal executive officer, only the Board may fill it. If, however, the critical adverbial phrase was intended to modify the full predicate, as we are certain it was, then obviously the authority of the Board to itself appoint its

principal executive officer is dependent upon an express grant of power by the Legislature, a grant which the Legislature has here expressly withheld.

We are satisfied that plaintiffs' constructional argument not only rests upon a strained grammatical parsing but also that it misconceives and is contrary to the essential purpose of Article V of the 1947 Constitution, which was to strengthen and centralize the authority of the Governor in respect of the responsibility and operations of the executive branch of government. See, e. g., 2 *Proceedings of the Constitutional Convention of 1947* at 1122, And see Milmed, "The New Jersey Constitution of 1947," *N.J.S.A.Const.*, Arts. 1 to 3, 91, 102–103. *See, also, Russo v. Governor of State of New Jersey,* 22 *N.J.* 156, 166 (1956).

We are thus satisfied that the issues of law here raised are clearly without merit. *R.* 2:11–3(e)(1)(E).

Affirmed.